IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRED STALLWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-814-WKW |
| ) | [WO] |
| IMANI ENVIRONMENTAL ) | |
| GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fred Stallworth brings this action against his former employer, Imani Environmental Group, Inc., alleging same-sex sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17.  He also brings state-law claims for negligent supervision and negligent retention.  Before the court is Mr. Stallworth's Motion for Default Judgment.  (Doc. # 13.)  After careful consideration of the arguments, the court finds that judgment by default is due to be entered on the issue of liability and deferred as to damages.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343. Personal jurisdiction and venue are uncontested.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment.  An entry of default must precede an entry of a default judgment.  *See* Fed. R. Civ. P. 55(a), (b).  First, when a defendant "fails to plead or otherwise defend" and the plaintiff demonstrates that failure, the clerk must enter the defendant's default.  *See* Fed. R. Civ. P. 55(a).  Second, after the entry of default, where damages are not for a "sum certain," a plaintiff "must apply to the court for a default judgment," and "the court may conduct a hearing on damages."  Fed. R. Civ. P. 55(b)(2).

"'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . ."  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also* Fed. R. Civ. P. 8(b)(6).  And a defendant cannot later seek to contradict those allegations.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  While Rule 55(b)(2) does not mandate a hearing on damages, typically the court should conduct a hearing to determine the quantum of damages, "except where all essential evidence is already of record."  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231–32 & n.13 (11th Cir. 2005).

### III.  BACKGROUND

The following facts are from the Complaint.  Mr. Stallworth worked as a laborer for Imani from June 2010 to April 19, 2011.  His main job was to assist in laying sewer pipe, and he worked under the direct supervision of Mike Smith.  "[O]n a daily basis," Mr. Smith would ask Mr. Stallworth to "manually stimulate his penis." (Compl. ¶¶ 13.)  Mr. Smith made his requests in various crude ways and in rather exacting terms.  (*See, e.g.*, Compl. ¶¶ 10, 11, 12, 14, 15.)  In January 2011, Mr. Stallworth reported Mr. Smith's conduct to an Imani manager, Marcus Moore, but his complaint resulted in no remedial action. (Compl. ¶ 17, 18.)  Some four months later, on April 19, 2011, with Mr. Moore's requests for sexual favors still persistent, Mr. Stallworth complained again to Mr. Moore.  Rather, than investigate, Mr. Moore fired Mr. Stallworth that same date.  (Compl. ¶ 19.)  This litigation followed.

The Complaint contains four counts.  Counts I and II allege Title VII violations, one for same-sex sexual harassment and the other for retaliation.  Counts III and IV allege state-law causes of action for negligent supervision and retention. Mr. Stallworth seeks a declaratory judgment, a permanent injunction, front pay, back pay, compensatory damages, punitive damages, attorneys' fees, and costs.

Mr. Stallworth served Imani with a copy of the summons and complaint by certified mail on September 25, 2012. (Doc. # 4.)  Imani's CEO, Sabrina Moore, filed

an Answer on October 29, 2012, but the court had to strike it because the law does not allow a non-attorney to represent a corporation *pro se*. Indeed, the court has twice informed Imani's CEO that a "corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993). (*See* Docs. # 10, 14.) And the court has warned Imani of the consequences of failing to defend this action as recently as March 4, 2013. (Doc. # 10, at 2.) Imani never filed an answer or other response to the compliant through counsel. As a result, on January 22, 2013, Mr. Stallworth obtained an entry of default from the Clerk of the Court pursuant to Rule 55(a). (Doc. # 12.) He then filed a motion for default judgment pursuant to Rule 55(b)(2). (Doc. # 13.) Imani did not file a response to the default judgment motion, although it had an opportunity to do so. (Doc. # 14.)

## IV. DISCUSSION

Mr. Stallworth moves for a default judgment on liability and damages. Part A addresses the motion for default judgment with respect to liability. Part B address damages.

**A.     Liability**

The Complaint contains four causes of action. For the following reasons, the

allegations provide a sufficient basis for entering default judgment against Imani as to liability.

### 1.     *Count I:  Title VII Sexual Harassment*

Title VII prohibits discrimination in employment on the basis of sex, § 2000e–2(a)(1).  This prohibition includes same-sex sexual harassment in the form of a hostile work environment.  *See generally Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998).  To establish a prima facie case of hostile work environment, the plaintiff must show

> (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

*Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010).  As to the fifth element, when the alleged harasser is a supervisor, but the supervisor takes no tangible action against the employee, the employer is vicariously liable unless it

can prove a two-step affirmative defense.[1]  *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

The allegations establish that Mr. Stallworth belongs to a protected class, that his supervisor propositioned him daily seeking sexual gratification, that Mr. Stallworth rejected those propositions, and that this sexual harassment was severe or pervasive so as to alter the terms of Mr. Stallworth's employment.  Based on these allegations, Ms. Stallworth presents a prima facie Title VII claim for same-sex sexual harassment and liability attaches to Imani for Mr. Smith's sexual harassment of Mr. Stallworth.

### 2.     *Count II:  Title VII Retaliation*

Title VII also prohibits an employer from retaliating against an employee who has engaged in protected activity.  *See* 42 U.S.C. § 2000e-3(a).  A successful prima facie case of retaliation under Title VII requires a plaintiff to show that "he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  The Complaint sufficiently alleges each element.

---

[1] This "defense comprises two necessary elements: (1) that the employer exercised reasonable care to prevent and promptly correct harassing behavior and (2) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer, or to otherwise avoid harm." *Faragher*, 524 U.S. at 807.  The defense is inapplicable because Imani did not file an answer and, thus, did not plead the *Faragher* affirmative defense.

First, Mr. Stallworth engaged in statutorily protected activity when he complained about the sexual harassment to a manager. *See Crawford v. Metro Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 276 (2009) (an employee's report of sexual harassment to the employer is protected under Title VII's anti-retaliation opposition clause). Second, Mr. Stallworth's "termination was an adverse employment action." *Selby v. Tyco Healthcare Group, L.P.*, 301 F. App'x 908, 913 (11th Cir. 2008). Third, the requisite causal relation exists because the manager to whom Mr. Stallworth complained fired him the same day. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir .2004) (a "close temporal proximity" between the protected conduct and the adverse action "is sufficient circumstantial evidence of a causal connection for purposes of a [Title VII retaliation] prima facie case."). Accordingly, Mr. Stallworth sufficiently alleges the prima facie elements for retaliation; therefore, Imani admits liability by virtue of its default.

### *3.    Counts III and IV:  State-Law Negligent Supervision and Retention*

Mr. Stallworth also alleges that Imani negligently supervised and retained Mr. Smith by failing to prevent the sexual harassment after he reported it. Under Alabama law, for purposes of a negligent supervision and retention claim, "the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him." *Armstrong Bus. Servs. v.*

7

*AmSouth Bank*, 817 So. 2d 665, 667 & 682 (Ala. 2001). The "incompetence" generally must arise from an underlying tort recognized under Alabama law, and there is no tort for sexual harassment under Alabama law. *See Ex parte Carlisle*, 26 So. 3d 1202, 1204 n.1 (Ala. 2009). This general rule has an exception: An employer's method of handling a sexual-harassment complaint can give rise to a negligence claim if "the sexual harassment has, in fact, occurred." *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999). But even where sexual harassment has occurred, the Alabama Supreme Court has applied this exception only where "the sexual harassment did not stop or ceased only temporarily in spite of the employer's purported corrective action." *Jackson v. Cintas Corp.*, 391 F. Supp. 2d 1075, 1101 (M.D. Ala. 2005) (citing *Machen v. Childersburg Bancorporation, Inc.*, 761 So. 2d 981, 987 (Ala. 1999), and *Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1003–04 (Ala. 1993)).

    Here, as already discussed, Mr. Stallworth adequately alleges that Mr. Smith in fact sexually harassed him. Mr. Stallworth also sufficiently alleges that he reported Mr. Smith's sexual harassing conduct in January 2011, but that his report produced no remedial action. Because the harassment did not cease, Mr. Stallworth again on April 19, 2011, complained to an Imani manager. Imani also did not investigate Mr. Stallworth's complaint at that time. Rather, Imani "failed to take any adequate or

remedial measures to investigate and prohibit the sexually hostile environment." (Compl. ¶ 28.) In fact, Imani fired him the same day he lodged his second complaint. On these facts, Mr. Stallworth alleges a sufficient basis to state causes of action for negligent supervision and negligent retention.

In sum, there is a sufficient basis in the pleadings for a default judgment on the four causes of action. The effect of the default judgment is that Imani admits the facts as true.

**B.   Damages**

In his motion for default judgment, Mr. Stallworth does not brief or provide evidence of his damages, but requests a hearing. The court will set an evidentiary hearing and also will require briefing.

## V.  CONCLUSION

Accordingly, it is ORDERED as follows:

(1) Plaintiff's Motion for Default Judgment (Doc. # 13) is GRANTED on the issue of liability on all counts;

(2) Plaintiff is DIRECTED to file a brief on or before **May 9, 2013**, as to the appropriate damages, together with evidence to support the requested amount; and

(3)   an evidentiary hearing on the issue of damages is set for **May 21, 2013**, at **10:00 a.m.**, in courtroom 2-B, Frank M. Johnson, Jr. U. S. Courthouse, One Church Street, Montgomery, Alabama.

DONE this 6th day of May, 2013.

        /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE