IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRED STALLWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-814-WKW |
| ) | [WO] |
| IMANI ENVIRONMENTAL ) | |
| GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In May 2013, Plaintiff Fred Stallworth obtained a default judgment against his former employer, Imani Environmental Group, Inc., on his claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, and state law. The default judgment was entered on the issue of liability, with the issue of damages reserved. There are two interrelated matters pending in this action. The first involves the impact on this action of a bankruptcy petition filed by Defendant's chief executive officer. The second concerns the amount of damages to be awarded on the default judgment. The court addresses each matter in turn.

**A.      The Automatic Stay:  11 U.S.C. § 362(a)**

On May 9, 2013, Plaintiff notified the court that on May 2, 2013, Defendant's chief executive officer, Sabrina D. Moore, filed a Chapter 7

bankruptcy petition in the United States Bankruptcy Court for the Northern District of Georgia, and listed Plaintiff as a creditor in an unknown amount based upon this lawsuit and Defendant as a co-debtor in Schedule H of the bankruptcy petition. (*See* Docs. # 17-6, 17-7 (Bankruptcy Record).)  Plaintiff observed that the Chapter 7 filing "may require a stay" pursuant to 11 U.S.C. § 362(a).  (Doc. # 17, at 1.)  The court ordered further briefing on whether the automatic stay provisions of § 362(a) extended to this action against the debtor's corporation (*i.e.*, Imani Environmental Group, Inc.), and Plaintiff complied.

Section 362(a)'s automatic stay does not apply to Defendant.  The general rule is that the automatic stay in a bankruptcy case protects only the debtor and not parties who are liable alongside the debtor.  *See Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988).  Defendant is not a party to Ms. Moore's Chapter 7 bankruptcy case, but rather is included in Schedule H as an entity "that is also liable on any debts listed by the debtor." (Doc. # 17-7, at 44.)  The court is aware of no authority and none has been cited that would deem Defendant a party in Ms. Moore's bankruptcy case and bring it within the protections of the automatic stay.  Indeed, there is authority that a corporation cannot join an individual in filing a Chapter 7 bankruptcy petition.  *See In re Calhoun*, 312 B.R. 380, 383 (Bankr. N.D. Iowa 2004) (declining to extend the automatic stay to a chapter 7 debtor's limited liability company because there is "[n]o provision in the

Code [permitting] an individual and a business to file jointly"). Moreover, at no time has Defendant or Ms. Moore asked this court for an extension of the automatic stay or suggested that a stay is appropriate. Rather, Ms. Moore merely has notified the court that Defendant "is no longer in operation" and "is not in a position to hire an attorney for this case." (Doc. # 20, at 1.) Finally, as noted in a prior Order (Doc. # 18), the Second Circuit has recognized that in limited circumstances § 362(a) can reach a non-bankrupt, third party. However, no representation or argument has been made that a failure to extend the stay to Plaintiff's action against Defendant would have "an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). Hence, there is no factual basis for finding *Queenie*'s exception applicable.

Accordingly, the automatic stay resulting from Ms. Moore's bankruptcy case does not foreclose further proceedings in this case. The court, thus, proceeds to the issue of damages on the default judgment.

B.  **Default Judgment Damages**

On May 6, 2013, the court entered a default judgment on the issue of liability against Defendant, ordered briefing on the issue of damages, and set an evidentiary hearing. (Doc. # 16.) Plaintiff submitted a brief and evidence on damages (Doc. # 18), but later withdraw his request for an evidentiary hearing.

(*See* Doc. # 19 ¶ 5 (Based upon the "high probability that Defendant . . . has no assets for Plaintiff to collect," Plaintiff "withdraws his request for a hearing on damages" and relies solely on his previously filed affidavit.).)

A court should not award money damages "without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). While the Eleventh Circuit has stated that "[a]n evidentiary hearing is not a per se requirement," it has emphasized that "such hearings are required in all but 'limited circumstances,' as when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation and internal quotation marks omitted).

On his Title VII claims, Plaintiff requests back pay in the amount of $15,750, prejudgment interest, front pay in the amount of $15,750, compensatory damages for mental anguish "between the amount of $15,750 and $50,000" as the court "sees fit," and punitive damages "not [to] exceed $50,000." (Doc. # 17, at 2–11.)  On his state-law claims, Plaintiff admits he "cannot double dip his lost wages . . . or an award of compensatory damages," but he says that "[s]hould the court award punitive damages for [Defendant's] negligent behavior, Plaintiff requests

4

such an award not [to] exceed three times his back pay of $15,750, combined with whatever the Court may award for Title VII mental anguish damages." (Doc. # 17, at 11.)  Plaintiff also requests $3,277.50 in attorney's fees and $376.01 in costs. (Doc. # 17, at 11–12.)  The record contains a sufficient basis for awarding damages for back pay, front pay, compensatory damages, attorney's fees, and costs, but not for awarding prejudgment interest and punitive damages.

### 1. *Back Pay Under Title VII*

Title VII permits "reinstatement or hiring of employees, with or without back pay . . . , or any other equitable relief as the court deems appropriate."  42 U.S.C. § 2000e-5(g)(1).  "Successful Title VII claimants . . . are presumptively entitled to back pay." *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999).  "Back pay is the difference between the actual wages earned and the wages the individual would have earned in the position that, but for the discrimination, the individual would have attained." *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1343 (11th Cir. 2005) (citation and internal quotation marks omitted).

Plaintiff's declaration provides a reasonable basis from which to calculate back pay.  It provides that Plaintiff worked for Defendant fifty hours per week at an hourly rate of $10.50 for forty hours and an overtime hourly rate of $15.75 for ten additional hours.  Plaintiff requests back pay from the date of his wrongful

termination – April 19, 2011 – through December 31, 2011.  Plaintiff selects the ending date based upon his "information and belief" that Defendant ceased Alabama operations "at the end of December 2011."  (Pl.'s Decl. ¶ 6.)  He requests back-pay wages for this period of approximately thirty-six weeks.

Based upon the foregoing evidence, Plaintiff's unmitigated back pay is calculated as follows:   ($10.50 per hour $\times$ 40 hours a week) + ($15.75 per hour $\times$ 10 hours per week)  $\times$ 36 weeks = $20,790.  Plaintiff submits further evidence that his interim earnings totaled $5,040.  (Pl.'s Decl. 2.)  Deducting the interim earnings from $20,790, the court finds that a back-pay award of $15,750 is appropriate.

### 2. *Front Pay Under Title VII*

Additionally, "prevailing Title VII plaintiffs are presumptively entitled to either reinstatement or front pay."  *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1528 (11th Cir. 1991) (superseded by statute on other grounds).  Given that Defendant is no longer in business, reinstatement is not a viable option.  The court finds that Plaintiff's request for front pay in the amount of $15,750 is a reasonable award for future lost earnings and that Plaintiff has provided an adequate evidentiary basis for such entitlement.  Front pay in the amount of $15,750 will be awarded.

### 3.    *Prejudgment Interest*

Whether to award prejudgment interest rests within the sound discretion of the district court.  "There is no federal statute mandating the prejudgment interest rate, and therefore the Court also has the discretion to determine the rate of interest."  *Soliday v. 7-Eleven, Inc.*, No. 09cv807, 2011 WL 4949652, at *3 (M.D. Fla. Oct. 17, 2011).  Plaintiff has pointed out the discretionary nature of such an award; however, because he has not requested any particular rate or calculated an amount based upon that rate, the request for prejudgment interest will be denied.

### 4.    *Punitive Damages Under Title VII*

Plaintiff asks for punitive damages under Title VII.  These damages are not susceptible of mathematical calculation, and it is not clear from the record whether an award of punitive damages is justified and, if so, in what amount.  Plaintiff has failed to offer sufficient evidence from which a determination of punitive damages can be made.  The court declines to grant Plaintiff punitive damages on this record and in the absence of an evidentiary hearing.

### 5.    *Compensatory Damages Under Title VII & State Law*

Plaintiff asks for compensatory damages for mental anguish "between the amount of $15,750 and $50,000" as the court "sees fit," but does not ask for a double recovery of such damages under both federal and state law.  (Doc. # 17, at 2.)  Based upon Plaintiff's declaration, the court finds that an award of $10,000

in compensatory damages for mental anguish is appropriate under either Title VII or state law and is not a double recovery.

### 6. *Punitive Damages Under State Law*

Plaintiff suggests that an award of punitive damages may be appropriate on his state-law claims for negligent retention and negligent supervision. Under Alabama law, "[a] finding . . . that [an employer] was only negligent in . . . supervising . . . and retaining [an employee] would not warrant an award of punitive damages." *CP & B Enters., Inc. v. Meller*, 62 So. 2d 356, 363 (Ala. 2000). "'Punitive damages are not recoverable for simple negligence, but the recovery in such case is for compensatory damages.'" *Id.* (quoting *Bradley v. Walker*, 93 So. 634, 635 (1922)). Based on this authority, Plaintiff has not demonstrated that he is entitled to punitive damages on his negligence claims. Punitive damages will not be awarded on the state-law claims.

### 7. *Attorney's Fees & Costs*

In its discretion, a court may award attorney's fees to the prevailing party in a Title VII action. *See* 42 U.S.C. § 2000e–5(k). The court calculates attorney's fees based upon the lodestar method. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). Plaintiff's counsel has submitted a detailed invoice for his fees in representing Plaintiff in this action. (Doc. # 17-2.) Based upon the time record, the court finds that Plaintiff's attorney's requested hourly rate is

reasonable.[1]  The court also finds that the hours billed by the attorney are reasonable and are not "excessive, redundant, or otherwise unnecessary."  *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citation and internal quotation marks omitted).  The attorney's fees award will be $3,277.50.  Plaintiff also properly supports his requests for costs for postage and the filing fee, and those costs totaling $376.01 will be awarded.

C.   **Conclusion**

Based on the foregoing, it is ORDERED that on the default judgment, Plaintiff is awarded $15,750 for back pay, $15,750 for front pay, $10,000 in compensatory damages, $3,277.50 for attorney's fees, and $376.01 for costs.  A separate judgment shall be entered.

The Clerk of the Court is DIRECTED to close this case.

DONE this 5th day of November, 2013.

/s/ W. Keith Watkins  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Following the practice of this district, the court applies these rates for purposes of this fee petition only.